# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 06/29/2026 10:52:52 AM.
30-2026-01582236-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By S. Berry, Deputy Clerk.

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030
CHRISTINA R. MANALO, STATE BAR NO. 297718
christina@jmllaw.com
EMILY KARSIK, STATE BAR NO. 354681
ekarsik@jmllaw.com

Attorneys for Plaintiff
BERENICE HERNANDEZ

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

**Assigned for All Purposes**
Judge Thomas S McConville

BERENICE HERNANDEZ, an individual;

Plaintiff

vs.

QUALITY HEALTH PARTNERS, INC., a Nevada corporation; and DOES 1 through 50, inclusive;

Defendants

Case No.: 30-2026-01582236-CU-WT-CJC

COMPLAINT FOR:

1. **PREGNANCY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE SECTION 12945 (a) [FEHA];**
2. **DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.* [FEHA];**
3. **SEX/GENDER DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.* [FEHA];**
4. **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA;**
5. **RETALIATION IN VIOLATION OF THE FEHA;**
6. **FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;**
7. **FAILURE TO ENGAGE IN THE INTERACTVE PROCESS IN VIOLATION OF FEHA;**
8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**
9. **INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (29 USC § § 2601. *ET SEQ*) [FMLA];**
10. **RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (29 USC § § 2601, ET SEQ) [FMLA];**
11. **INTERFERENCE WITH CFRA LEAVE IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12945.2 [CALIFORNIA FAMILY RIGHTS ACT (CFRA)]**
12. **RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT [CFRA];**

**DEMAND FOR JURY TRIAL**
AMOUNT DEMANDED EXCEEDS $35,000.00



JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

Plaintiff, BERENICE HERNANDEZ, hereby brings her complaint against the above-named Defendants and states and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1. At all times material herein, Plaintiff, BERENICE HERNANDEZ (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, County of LOS ANGELES.

2. Plaintiff is informed, believes, and based thereon alleges that QUALITY HEALTH PARTNERS, INC. (hereinafter referred to as "QUALITY HEALTH PARTNERS" or "Defendant") is a Nevada corporation, and was at all times mentioned in this complaint duly licensed to do business, was and is doing business, under and by virtue of the laws of the State of California, in Orange County. Plaintiff worked for Defendants in Orange County at 210 N. Tustin Ave., Santa Ana, CA 92705.

3. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said fictitious names. Plaintiff is informed and believes that each of the Defendants named as a DOE Defendant is legally responsible in some manner for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these DOE Defendants when it has been ascertained.

4. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below.

5. Plaintiff is informed and believes that each Defendant conspired with, aided and abetted, ratified the conduct of, knowingly acquiesced in, acted with the consent and permission of, and accepted the benefits of each other Defendant with respect to the matters alleged herein.

6. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, partner, joint-employer, alter-ego, joint venture, affiliate, and/or co-conspirator with or of each of the other Defendants named herein

and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the permission, consent and ratification of each of the other Defendants named herein.

7. Finally, Defendants are liable for the acts of their employees under the doctrine of *respondeat superior* and via conspiracy liability. Each of the acts described above and further described below under each Cause of Action was perpetrated during the course and scope of employment of the actors, was carried out with knowledge of Defendants, was condoned and ratified, and/or was taken pursuant to an implied agreement by Defendants to deliberately take said actions.

8. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

9. The jurisdiction of this Court is proper for the relief sought herein, and the amount demanded by Plaintiff exceeds $35,000.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

**FACTUAL ALLEGATIONS**

10. Defendants hired Plaintiff BERENICE HERNANDEZ on or about February 22, 2021, as a Receptionist. Plaintiff subsequently took on the role of Human Resources Generalist for Defendants.

11. Plaintiff is a woman.

12. In or about August 2024, Plaintiff learned that she was pregnant. Plaintiff's estimated due date was approximately April 2025.

13. In late August 2024, Plaintiff informed Defendants that she was pregnant. Specifically, Plaintiff informed Defendant's Human Resources employees, Cynthia Alvarado and Maricruz Abrego, that she was pregnant. Plaintiff also informed Defendant's employees, Brenda Peralta and Josie Lopez that she was pregnant.

14. On or about November 15, 2024, Defendants changed Plaintiff's title and job position to "Provider Scheduler." Plaintiff remained in this position until her termination.

15. Plaintiff requested pregnancy leave from Defendants and provided reasonable notice to Defendants of her need for pregnancy leave, including FMLA-protected and CFRA-protected pregnancy leave.

16. On or about March 28, 2025, Plaintiff went on pregnancy leave. Plaintiff provided a copy of her doctor's note to Defendants placing Plaintiff off work due to her pregnancy.

17. Plaintiff was eligible for FMLA-protected and/or CFRA-protected pregnancy leave, and took pregnancy leave, to care for herself and for the birth of Plaintiff's child/ bonding with Plaintiff's child.

18. On April 10, 2025, Plaintiff gave birth.

19. In or about late July 2025, Plaintiff returned to work for Defendants following her pregnancy leave.

20. On August 5, 2025, Defendants terminated Plaintiff for pretextual reasons.

21. Defendants refused to return Plaintiff to her job when her pregnancy leave ended. Instead, Defendants terminated Plaintiff shortly after she returned from FMLA-protected and CFRA-protected pregnancy leave.

22. Substantial motivating factors in Plaintiff's termination included discriminatory animus for Plaintiff's actual and perceived pregnancy and pregnancy related disability/medical condition, Plaintiff's perceived and/or actual disability/pregnancy and medical condition related to her pregnancy, Plaintiff's requests for accommodations related to her disability and pregnancy, Plaintiff's request for and taking of pregnancy leave due to her pregnancy, including FMLA and CFRA-protected leave, and Plaintiff's gender/sex.

23. Plaintiff was capable of performing the essential functions of her position and other positions within Defendant's organization with reasonable accommodations.

24. However, Defendant and its agents failed to engage in a timely, good faith interactive process in good faith with Plaintiff and failed to provide reasonable accommodations for Plaintiff's disability.

25. Defendants could have provided reasonable accommodations to Plaintiff without suffering undue hardship, but chose to terminate her instead.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

26. At the time that Defendants terminated Plaintiff, Defendants were on notice that Plaintiff would continue to require accommodations related to her pregnancy, including pregnancy-related medical leave and maternity leave.

27. Plaintiff could have fully performed all essential duties and functions of her job, and other jobs that Defendants had available, in an adequate, satisfactory and/or outstanding manner, particularly if she was provided with reasonable accommodation.

28. Plaintiff exhausted her administrative remedies by filing a complaint with the California Civil Rights Department ("CCRD") on June 18, 2026. The CCRD issued Plaintiff with an immediate right-to-sue letter on June 18, 2026.

**FIRST CAUSE OF ACTION**

**PREGNANCY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12945**

**[FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]**

**(Against QUALITY HEALTH PARTNERS, INC., and DOES 1 through 50)**

29. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

30. Government Code Section 12945(a) prohibits an employer, from discriminating against a female employee because of pregnancy.

31. Defendants were at all relevant times employers within the meaning of the California Government Code Section 12926(d) and, as such barred from discriminating against any female employee because of pregnancy as set forth in Government Code Section 12945(a).

32. Plaintiff was at all relevant times a person within the meaning of California Government Code Section 12925(d) and, as such covered by California Government Code Section 12945(a) prohibiting discrimination against female employees on the basis of pregnancy.

33. Through the acts described above, Defendants, and each of them, violated Government Code, Section 12945(a), by discriminating against Plaintiff on the basis of pregnancy and by wrongfully terminating her on the basis of her actual and/or perceived

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

pregnancy/pregnancy-related medical conditions and her request for reasonable accommodations.

34. Substantial motivating factors in Plaintiff's termination included animus for Plaintiff's pregnancy and gender, her actual/perceived pregnancy-related medical condition(s), her actual and/or perceived disability, her request for accommodations due to her pregnancy, and her request for time off work due to her pregnancy. At the time of her termination, Defendants were on notice of Plaintiff's pregnancy and/or perceived her to be pregnant and/or to have a pregnancy-related medical condition/disability.

35. Defendants, and each of them, failed to comply with their statutory duty to take all reasonable steps necessary to prevent discrimination due to pregnancy from occurring in the workplace and to prevent it from occurring in the future in violation of Government Code Section 12940(k).

36. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

37. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

38. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

39. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent pregnancy discrimination, against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, pregnancy discrimination against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

**SECOND CAUSE OF ACTION**

**DISCRIMINATION BASED UPON ACTUAL AND/OR PERCEIVED DISABILITY IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)**

**(Against QUALITY HEALTH PARTNERS, INC., and DOES 1 through 50)**

40. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

41. At all times herein mentioned, Government Code §§ 12940, *et seq.* were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons. Under the Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 *e. seq.*, it is an unlawful employment practice for an employer because of the actual and/or perceived physical disability of a person to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

42. Additionally, Government Code § 12926(k)(5) and § 12940(m) protects individuals in the workplace who are perceived to have a disability or are regarded or treated by the employer as having a health impairment that has no present disabling effect but may become a

physical disability as described in § 12926(k)(1) or § 12926(k)(2). At all times relevant, Defendants perceived Plaintiff as physically disabled.

43. As set forth in this complaint, Plaintiff is informed and believes that Defendants discriminated against her by wrongfully terminating her due to her actual and/or perceived pregnancy-related medical condition/disability.

44. Plaintiff was capable of performing the essential functions of her position and/or other positions within Defendant's organization. However, Defendant and its agents failed to engage in a timely, good faith interactive process in good faith with Plaintiff, and failed to communicate with Plaintiff regarding any possible accommodations.

45. Plaintiff is informed and believes and based thereon alleges, that Defendant could have provided reasonable accommodations to Plaintiff without suffering undue hardship, but chose to terminate her instead.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

46. Substantial motivating factors in Plaintiff's termination were her actual and/or perceived disabilities. Plaintiff was capable of performing the essential functions of her position and other positions within Defendant's organization. However, Defendant and its agents failed to engage in a timely, good faith interactive process in good faith with Plaintiff, and failed to communicate with Plaintiff regarding any possible accommodations.

47. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

48. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional

suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

49. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

50. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability discrimination, against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, disability discrimination against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

51. Plaintiff is informed and believes, and based thereon alleges that Defendants and their managers, officers, and managing agents had a pattern and practice of wrongfully terminating employees who were pregnant and/or disabled so that Defendants did not have to accommodate them. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

//

//

//

//

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

**<u>THIRD CAUSE OF ACTION</u>**

**SEX/GENDER DISCRIMINATION IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)**

**(Against QUALITY HEALTH PARTNERS, INC., and DOES 1 through 50)**

52. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth at this place.

53. At all times herein mentioned, California Government Code §§ 12940 et seq., the Fair Employment and Housing Act ("FEHA"), were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons.

54. California Government Code § 12940(a) requires Defendant to refrain from discriminating against any employee on the basis of sex and/or gender.

55. Substantial motivating factors in her termination included animus for Plaintiff's pregnancy and gender, her actual/perceived pregnancy-related medical condition(s), and her request for accommodations related to her pregnancy.

56. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

57. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

58. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

59. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent discrimination based on sex and gender against and upon employees of Defendants. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendants in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such conduct.

60. Furthermore, Plaintiff is informed and believes and based thereon alleges that Defendants had a pattern and practice of discriminating against and harassing employees due to their sex and gender. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such conduct.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

**<u>FOURTH CAUSE OF ACTION</u>**

**FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)**

**(Against QUALITY HEALTH PARTNERS, INC., and DOES 1 through 50)**

61. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

62. At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them. These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and take all reasonable steps necessary to prevent discrimination from occurring, among other things.

63. Defendants violated Government Code § 12940 (j) and (k) by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as described herein.

64. Defendants failed to fulfill their statutory duty to timely take immediate and appropriate corrective action to end the discrimination and also failed to take all reasonable steps necessary to prevent the discrimination from occurring.

65. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination, and in failing and/or refusing to take and or all reasonable steps necessary to discrimination from occurring, Defendants violated Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

66. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

67. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

68. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(b).

69. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability/pregnancy discrimination, against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, disability/pregnancy discrimination against and upon employees of

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**FIFTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.***

**[FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]**

**(Against QUALITY HEALTH PARTNERS, INC., and DOES 1 through 50)**

70. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully Set forth herein.

71. California Government Code § 12940(h) makes it unlawful for any person to Retaliate against an employee who has engaged in protected activity under the FEHA, including requesting reasonable accommodations related to an employee's disability and/or medical condition, including pregnancy-related medical conditions.

72. At all times herein mentioned, California Government Code § 12940 et seq., was in full force and effect and was binding on Defendants, as Defendants regularly employed five (5) or more persons.

73. Defendants' conduct, as alleged above, constituted unlawful retaliation in violation of California Government Code § 12940(h).

74. Substantial motivating factors in her termination included animus for Plaintiff's pregnancy and gender, her actual/perceived pregnancy-related medical condition(s), her actual and/or perceived disability, her request for accommodations due to her pregnancy, and her request for sick leave due to her pregnancy. At the time of her termination, Defendants were on notice of Plaintiff's pregnancy and/or perceived her to be pregnant and/or to have a pregnancy-related medical condition/disability.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

75. At the time of her termination, Defendants perceived Plaintiff to need accommodations for a pregnancy-related medical/condition/disability.

76. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

77. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

78. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b). Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent retaliation for complaints of discrimination and harassment against and upon employees of Defendants. Defendants' managers, officers, and/or agents were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent retaliation for complaints of discrimination and harassment/requesting reasonable accommodations against and upon employees of Defendants. However, Defendants' managers, officers, and agents chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided,

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**SIXTH CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE IN VIOLATION OF**

**GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)**

**(Against QUALITY HEALTH PARTNERS, INC., and DOES 1 through 50)**

79. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

80. At all times herein mentioned, California Government Code §§ 12940 *et seq*. were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

81. Although Defendants knew of Plaintiff's disabilities, including her pregnancy, Defendants failed to provide reasonable accommodations for Plaintiff's disabilities in direct violation of Government Code § 12940.

82. Defendants could have accommodated Plaintiff without suffering undue hardship.

83. Plaintiff was capable of performing the essential functions of open positions within Defendant's organization. However, Defendant and its agents failed to engage in a timely, good faith interactive process in good faith with Plaintiff, and failed to communicate with Plaintiff regarding any possible accommodations.

84. Plaintiff is informed and believes and based thereon alleges, that Defendant could have provided reasonable accommodations to Plaintiff without suffering undue hardship.

85. Plaintiff alleges that she could have fully performed all essential duties and functions of open jobs that Defendants had available, in an adequate, satisfactory and/or outstanding manner.

86. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

87. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

88. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(b).

89. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability discrimination against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, disability discrimination against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

///

///

///

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

**SEVENTH CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

**IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)**

**(Against QUALITY HEALTH PARTNERS, INC., and DOES 1 through 50)**

90. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

91. Government Code § 12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

92. Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known and/or perceived disabilities, including to determine accommodations for Plaintiff's pregnancy.

93. Plaintiff alleges that she could have fully performed all essential duties and functions of open jobs that Defendants had available, in an adequate, satisfactory and/or outstanding manner.

94. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

95. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

96. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to

continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(b).

97. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability discrimination against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, disability discrimination against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

## <u>EIGHTH CAUSE OF ACTION</u>

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

## (Against QUALITY HEALTH PARTNERS, INC., and DOES 1 through 50)

98. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth above.

99. "[W]hen an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167, 170 "[T]he cases in which violations of public policy are found generally fall into four categories: (1) refusing to violate a statute; (2) performing a statutory obligation (3) exercising a statutory right or privilege; and (4) reporting an alleged violation of a statute of public importance." *Gantt v. Sentry Insurance* (1992) 1 Cal.4th 1083, 1090-1091. Similarly, "an employer's authority over its employee does not include the right to demand that the employee commit a criminal act to further its interests, and an employer may not coerce compliance with

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

such unlawful directions by discharging an employee who refuses to follow such an order . . ." T*ameny, supra*, 27 Cal.3d at p. 178.

100. The public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California.

101. Government Code Section 12945(a) prohibits an employer, from discriminating against a female employee because of pregnancy.

102. Defendants were at all relevant times employers within the meaning of the California Government Code Section 12926(d) and, as such barred from discriminating against any female employee because of pregnancy as set forth in Government Code Section 12945(a).

103. Plaintiff was at all relevant times a person within the meaning of California Government Code Section 12925(d) and, as such covered by California Government Code Section 12945(a) prohibiting discrimination against female employees on the basis of pregnancy.

104. Through the acts described above, Defendants, and each of them, violated Government Code, Section 12945(a), by discriminating against Plaintiff on the basis of pregnancy and by wrongfully terminating her on the basis of her actual and/or perceived pregnancy/pregnancy-related medical conditions and her request for reasonable accommodations.

105. Substantial motivating factors in Plaintiff's termination included animus for Plaintiff's pregnancy and gender, her actual/perceived pregnancy-related medical condition(s), her actual and/or perceived disability, her request for accommodations due to her pregnancy, and her request for time off work due to her pregnancy. At the time of her termination, Defendants were on notice of Plaintiff's pregnancy and/or perceived her to be pregnant and/or to have a pregnancy-related medical condition/disability.

106. Defendants, and each of them, failed to comply with their statutory duty to take all reasonable steps necessary to prevent discrimination due to pregnancy from occurring in the workplace and to prevent it from occurring in the future in violation of Government Code Section 12940(k).

107. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

108. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

109. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.

110. Defendants had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Defendants also had a pattern and practice of discriminating against employees. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

**NINTH CAUSE OF ACTION**

**INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (29 USC § § 2601, ET SEQ ) [FMLA];**

**(Against QUALITY HEALTH PARTNERS, INC., and DOES 1 through 50)**

111. Plaintiff restates and incorporates by this reference as if fully set forth herein all preceding paragraphs of this Complaint.

112. At all relevant times herein, Plaintiff was entitled to protected leave under the Family Medical Leave Act (FMLA). At the time that Plaintiff went on FMLA-protected medical leave due to her pregnancy and/or pregnancy-related disabilities, Plaintiff worked for Defendants for more than one year and/or more than 1,250 hours of service, and the Defendant employed more than five people.

113. 29 CFR § 825.220 prohibits an employer from interfering with, restraining, or denying the exercise of or the attempt to exercise any right under the FMLA, and from discharging or discriminating against an employee for pursuing FMLA rights.

114. Plaintiff requested FMLA-protected medical leave due to her pregnancy and/or disabilities. Defendants' interference with Plaintiff's FMLA-protected medical leave as described in this Complaint violates the FMLA as promulgated in 29 USC § § 2601, et seq.

115. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or §3288 and/or any other provision of law providing for prejudgment interest.

116. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

**<u>TENTH CAUSE OF ACTION</u>**

**RETALIATION IN VIOLATION OF 29 USC § § 2601, *ET SEQ.*, and 29 C.F.R. § 825.220**

**[THE FAMILY MEDICAL LEAVE ACT (FMLA)]**

**(Against QUALITY HEALTH PARTNERS, INC., and DOES 1 through 50)**

117. Plaintiff restates and incorporates by this reference as if fully set forth herein all preceding paragraphs of this Complaint.

118. At all relevant times herein, Plaintiff was entitled to protected leave under the California Family Rights Act (CFRA) and Family Medical Leave Act (FMLA).

119. 29 CFR § 825.220 prohibits an employer from interfering with, restraining, or denying the exercise of or the attempt to exercise any right under the FMLA, and from discharging, discriminating against, and retaliating against an employee for pursuing FMLA rights.

120. Plaintiff requested and took FMLA-protected medical leave due to her pregnancy/disabilities. Defendants provided this leave, but immediately thereafter Defendants terminated Plaintiff's employment. A substantial motivating factor in Defendants' termination of Plaintiff was request for and taking of FMLA-protected medical leave.

121. Defendants' retaliation against and termination of Plaintiff due to her FMLA-protected medical leave as described in this Complaint violates the FMLA as promulgated in 29 USC § § 2601, et seq. and 29 CFR § 825.220.

122. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or §3288 and/or any other provision of law providing for prejudgment interest.

123. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon

alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

124. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

125. Defendants had in place policies and procedures that specifically required Defendants' managers, officers and agents to prevent discrimination, retaliation and harassment against and upon employees of Defendants, based on the protected classes identified in the California Fair Employment and Housing Act, California Government Code § 12940 et. seq. and the FMLA as promulgated in 29 USC § § 2601, et seq. Defendants' managers, officers and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers and agents to prevent and investigate disability discrimination, retaliation and harassment based on discrimination, against and upon employees of Defendants. Plaintiff relied on the fact that managers, officers and agents would follow these known policies; yet, the managers, officers and agents consciously chose not to follow these policies. Therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

//

//

//

//

//

//

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

## ELEVENTH CAUSE OF ACTION

**INTERFERENCE WITH CFRA LEAVE IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12945.2 [CALIFORNIA FAMILY RIGHTS ACT (CFRA)]**

**(Against QUALITY HEALTH PARTNERS, INC., and DOES 1 through 50)**

126. Plaintiff restates and incorporates by this reference as if fully set forth herein all preceding paragraphs of this Complaint.

127. At all relevant times herein, Plaintiff was entitled to protected leave under the California Family Rights Act (CFRA) and Family Medical Leave Act (FMLA).

128. California Government Code § 12945.2 prohibits an employer from interfering with, restraining, or denying the exercise of or the attempt to exercise any right under the CFRA, and from discharging or discriminating against an employee for pursuing CFRA rights.

129. Plaintiff requested CFRA-protected leave related to her pregnancy. Defendants then terminated Plaintiff when she returned from CFRA leave. Defendants' interference with Plaintiff's CFRA-protected leave as described in this Complaint violates the CFRA as promulgated in California Government Code § 12945.2.

130. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or §3288 and/or any other provision of law providing for prejudgment interest.

131. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

132. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

133. Defendants had in place policies and procedures that specifically required Defendants' managers, officers and agents to prevent discrimination, retaliation and harassment against and upon employees of Defendants, based on the protected classes identified in the California Fair Employment and Housing Act, California Government Code § 12940 et. seq.. and the CFRA as promulgated in California Government Code § 12945.2, et seq. Defendants' managers, officers and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers and agents to prevent and investigate disability discrimination, retaliation and harassment based on discrimination, against and upon employees of Defendants. Plaintiff relied on the fact that managers, officers and agents would follow these known policies; yet, the managers, officers and agents consciously chose not to follow these policies. Therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## TWELFTH CAUSE OF ACTION

**RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT (CFRA), GOVT. CODE § 12945.2 et seq.)**

**(Against QUALITY HEALTH PARTNERS, INC. and DOES 1 through 50)**

134. Plaintiff restates and incorporates by this reference as if fully set forth herein all preceding paragraphs of this Complaint.

135. At all relevant times herein, Plaintiff was entitled to protected leave under the California Family Rights Act (CFRA).

136. Plaintiff requested and took CFRA-protected leave.

137. A substantial motivating factor in Defendants' termination of Plaintiff was her taking of CFRA-protected medical leave and/or request for CFRA-protected leave.

138. Defendants' retaliation for her request/taking of CFRA leave as described in this Complaint violates the California Family Rights Act as promulgated in Government Code § 12945.2 et seq. and other state statutes which mandate family and medical leave.

139. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or §3288 and/or any other provision of law providing for prejudgment interest.

140. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

141. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

142. Defendants had in place policies and procedures that specifically required Defendants' managers, officers and agents to prevent discrimination, retaliation and harassment against and upon employees of Defendants, based on the protected classes identified in the California Fair Employment and Housing Act, California Government Code § 12940 et. seq. Defendants' managers, officers and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers and agents to prevent and investigate disability discrimination, retaliation and harassment based on discrimination, against and upon employees of Defendants. Plaintiff relied on the fact that managers, officers and agents would

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

follow these known policies; yet, the managers, officers and agents consciously chose not to follow these policies. Therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

///

///

///

///

///

///

///

///

///

///

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For loss of earnings, according to proof;
4. For declaratory relief, according to proof;
5. For injunctive relief, according to proof;
6. For attorneys' fees, according to proof;
7. For prejudgment interest, according to proof;
8. For punitive and exemplary damages, according to proof;
9. For costs of suit incurred herein;
10. For interest accrued to date;
11. For all equitable relief recoverable pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203; and
12. For such other relief that the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action.

DATED: June 29, 2026

JML LAW, A Professional Law Corporation

By: ______________________

CHRISTINA R. MANALO
EMILY M. KARSIK
Attorneys for Plaintiff